J-S34010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICKY LEE SHAVER, JR. | : | |
| | : | |
| Appellant | : | No. 455 MDA 2020 |

Appeal from the Judgment of Sentence Entered June 13, 2019
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s):  CP-31-CR-0000516-2017

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:  **FILED SEPTEMBER 08, 2020**

Appellant, Ricky Lee Shaver, Jr., appeals *nunc pro tunc* from the judgment of sentence imposed following the revocation of his probation. Shaver was initially sentenced to six to twelve months' incarceration followed by six years' probation for corruption of a minor and furnishing alcohol to a minor. After admitting to violating his probation, Shaver's probation was revoked and he was resentenced to thirty to sixty months' incarceration. Shaver does not contest the revocation of his probation. He claims only that the court abused its discretion in imposing sentence. We affirm.

On March 5, 2018, Shaver entered a *nolo contendere* plea to the above listed charges, arising from an incident where he sexually assaulted a fifteen-year-old female after providing her with alcohol. He was sentenced to six to

twelve months' incarceration to be followed by six years' probation. On June 13, 2018, Shaver was released on parole.

Approximately three months later, the probation department filed a petition to revoke Shaver's parole, alleging he had been having a romantic relationship with a minor in violation of his parole. The court granted the petition and remanded Shaver to county jail to serve the remainder of his sentence.

In February 2019, a few months after Shaver was released on probation, the probation department filed a petition to revoke Shaver's probation, alleging he had again formed a romantic relationship with a minor in violation of his probation. Shaver admitted to the violation, and the court granted the petition to revoke Shaver's probation. A presentence investigation ("PSI") report was prepared.

On June 13, 2019, Shaver was resentenced on his original offenses, corruption of a minor and furnishing alcohol to a minor, to thirty to sixty months' incarceration. His petition for modification of sentence was denied. This appeal followed.[1]

---

[1] On November 7, 2019, Shaver filed a notice of appeal. This Court quashed the appeal as untimely, noting the filing of a motion to modify sentence imposed after the revocation of probation will not toll the thirty-day appeal period. *See* Pa.R.Crim.P. 708(E). Shaver filed a petition for leave to appeal *nunc pro tunc*, which was granted. This timely appeal followed.

On appeal, Shaver contends the court abused its discretion in imposing his sentence. Specifically, he claims his sentence was "manifestly excessive, given his stated remorse, acceptance of responsibility for his actions, and rehabilitative needs". Appellant's Brief, at 3. Further, Shaver asserts the court "clearly failed to weigh the mitigating factors" in his case. *Id.*, at 9.

Shaver concedes this claim challenges the discretionary aspects of his sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Shaver filed a post-sentence motion to modify sentence and a timely appeal, and included the requisite Rule 2119(f) concise statement in his appellate brief. However, due to the disparity between the claims in his post-sentence motion and his appellate brief, we must determine which, if

any, of the challenges to the discretionary aspects of his sentence have been preserved for our review.

A defendant can only preserve a claim to the discretionary aspects of a court's sentence if he notes a specific objection at the sentencing hearing or in a post-sentence motion to modify. **See id**. Shaver did not object to any aspects of his sentence at the resentencing hearing. Thus, to preserve his challenges to the discretionary aspects of his sentence, he was required to note specific challenges to the court's discretion in his post-sentence motion.

In his motion to modify sentence, Shaver contended a lesser sentence was appropriate due to his belief that the "substantial" term of incarceration was based, at least in part, on "imprudent statements" made by Shaver at the sentencing hearing. Post-Sentence Motion, 7/3/2019, at ¶ 4-5. He further claimed he was "ill-prepared to speak" at the hearing. **Id**., at 5. However, in his Rule 2119(f) statement, Shaver asserts the court "clearly failed to weigh the mitigating factors" in his case, including his acceptance of responsibility for his actions, his expression of remorse for his conduct, and his rehabilitative needs. Appellant's Brief, at 9. Notably, Shaver failed to reassert the claim from his post-sentence motion. Because Shaver failed to raise the instant discretionary sentencing issue in his post-sentence motion or at sentencing, we find his issue waived. **See Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) ("Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion

to modify the sentence imposed"); *see also Commonwealth v. Cartrette*, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (en banc) (concluding substantial question was waived for failing to raise it at sentencing or in post-sentence motion).

Even if we had not found Shaver's issue waived, we discern no abuse of the court's discretion in imposing sentence.

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Simmons*, 56 A.3d 1280, 1283-1284 (Pa. Super. 2012) (citation omitted). Here, in its opinion on appeal, the trial court stated:

> Per [Shaver's] Statement of Errors, he believes that his sentence is "manifestly excessive, given [his] stated remorse, acceptance of responsibility, and rehabilitative needs." However, review of the extensive record in this matter, along with the transcript of [Shaver's] resentencing hearing, shows that just the opposite is true -- [Shaver] has not accepted responsibility for his actions, and fails to grasp their wrongfulness and the harm they have caused. In short, despite having been convicted of a third-degree felony for engaging in a sexual relationship with a 14 year-old girl, [Shaver] continues to pursue romantic relationships with underage girls, and sees nothing wrong with it.

Trial Court Opinion, 3/9/2020, at 1. Further, in concluding its sentence was appropriate, the trial court explained:

> In the instant case, the Court had the benefit of not only one but two presentence investigation reports, along with knowledge of [Shaver's] continued course of conduct in seeking romantic relationships and otherwise inappropriate contacts with underage

girls (despite clear prohibitions on doing so), his complete lack of remorse and failure to acknowledge the wrongfulness of his actions, the extent of the harm caused to the 14 year-old girl he sexually assaulted, and his rehabilitative needs (note that treatment was ordered as part of the original sentence--treatment that [Shaver] did not undertake, but which is available to him during his incarceration at SCI Camp Hill). In light of these considerations, the sentence imposed on [Shaver] is appropriate.

*Id.*, at 7.

Contrary to Shaver's assertions, the trial court considered the mitigating circumstances Shaver claims it did not. Moreover, as the trial court specifically noted, it had the benefit of two PSI reports. Where a trial court has a PSI, "it is presumed that the sentencing court was aware of the relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Tirado***, 870 A.2d 362, 368 (Pa. Super. 2005) (citation and internal quotations marks omitted); ***see also Commonwealth v. Hallock***, 603 A.2d 612, 616 (Pa. Super. 1992) (citation omitted) ("It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand"). The trial court explicitly addressed its review of the second PSI report as well as the transcript from the resentencing hearing in its opinion. ***See*** Trial Court Opinion, 3/9/2020, at 3-5.

As we find Shaver's sole issue on appeal is waived, and otherwise without merit, we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/08/2020